IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | SEALED |
| | § | NO. 4:21-CR 132 |
| v. | § | Judge *Mazzant* |
| | § | |
| JAIRO GONZALEZ OROBIO (1) | § | |
| OMAR FELIPE QUINONES RIASCOS (2) | § | **FILED** |
| CHRISTIAN LEONARDO FRANCO POSLIGUA (3) | § | |
| JUAN DAVID LONDONO PALACIO (4) | § | MAY 1 2 2021 |

**INDICTMENT**

THE UNITED STATES GRAND JURY CHARGES:

Clerk, U.S. District Court
Texas Eastern

**Count One**

> Violation: 46 U.S.C. § 70503(a)(1) and 46 U.S.C. § 70506 (b): (Conspiracy to Possess with the Intent to Distribute a Controlled Substance Onboard a Vessel Subject to the Jurisdiction of the United States)

That sometime in or about 2021, and continuously thereafter up to and including the date of this Indictment, within the jurisdiction of this Court, **Jairo Gonzalez Orobio, Omar Felipe Quinones Riascos, Christian Leonardo Franco Posligua** and **Juan David Londono Palacio**, defendants, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury to commit an offense defined in Title 46, United States Code, Section 70503, that is: to possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II, controlled substance, onboard a

Indictment
Page 1

vessel subject to the jurisdiction of the United States, as defined in Title 46, United States Code, Section 70502(c)(1)(A).

In violation of 46 U.S.C. § 70503(a)(1) and 46 U.S.C. § 70506 (b).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

From his engagement in the violation alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 970, incorporating the provisions of 21 U.S.C. §§ 853(a)(1) and (2), all of his interest in:

 a. Property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violation; and

 b. Property used and intended to be used in any manner or part to commit or to facilitate the commission of such violation.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third person;

 c. has been placed beyond the jurisdiction of the court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property which cannot be divided without difficulty.

The United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

Indictment
Page 2

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

_____
COLLEEN E. BLOSS
Assistant United States Attorney

_____
Date          5-12-21

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | SEALED |
| v. | § | NO. 4:21-CR |
| | § | Judge |
| JAIRO GONZALEZ OROBIO (1) | § | |
| OMAR FELIPE QUINONES RIASCOS (2) | § | |
| CHRISTIAN LEONARDO FRANCO POSLIGUA (3) | § | |
| JUAN DAVID LONDONO PALACIO (4) | § | |

## **NOTICE OF PENALTIES**

### **Count One**

Violation:    46 U.S.C. § 70503(a)(1) and 46 U.S.C. § 70506(b)

Penalty:    Imprisonment for not less than ten (10) years or more than life, a fine not to exceed $10,000,000.00 or both. A term of supervised release of at least five (5) years.

Special Assessment: $100.00