ORIGINAL



FILED

JAN 0 6 2022

Clerk, U.S. District Court
Eastern District of Texas

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | **SEALED** |
| v. | § | NO. 4:21-CR-00132 |
| | § | Judge Kernodle |
| CHRISTIAN LEONARDO FRANCO POSLIGUA | § | |
| (3) | | |

## PLEA AGREEMENT

The defendant, CHRISTIAN LEONARDO FRANCO POSLIGUA, the defendant's

attorney, GARLAND CARDWELL, and the United States Attorney for the Eastern District

of Texas agree to the following:

1.    **RIGHTS OF THE DEFENDANT**: The defendant understands that

accused individuals have the following rights, among others:

      a.    to plead not guilty;

      b.    to have a trial by jury;

      c.    to have guilt proved beyond a reasonable doubt;

      d.    to confront and cross-examine witnesses and to call witnesses in
defense; and

      e.    to not be compelled to testify against oneself.

2.    **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives

these rights and agrees to enter a plea of guilty to Count One of the Indictment, which

charges a violation of 46 U.S.C. § 70503(a)(1) and 46 U.S.C. § 70506 (b), Conspiracy to

Possess with the Intent to Distribute a Controlled Substance Onboard a Vessel Subject to

the Jurisdiction of the United States. The defendant understands the nature and elements of

Plea Agreement
Page 2

the crime to which guilt is admitted and agrees that the Factual Basis the defendant has signed is true and will be submitted as evidence.

3. **SENTENCE:** The maximum penalties the Court can impose include:

a. imprisonment for a period not less than ten years and not more than life;

b. a fine not to exceed $10 million, or twice any pecuniary gain to the defendant or loss to the victim(s);

c. a term of supervised release of at least 5 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the consequence could be imprisonment for the entire term of supervised release;

d. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

e. forfeiture of property involved in or traceable to the criminal offense;

f. restitution to victims or to the community; and

g. costs of incarceration and supervision.

4. **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G. or guidelines). The guidelines are not binding on the Court but are advisory only. The defendant has reviewedthe guidelines with defense counsel but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

5.  GUIDELINE STIPULATIONS: The parties stipulate to the following factors thataffect the appropriate sentencing range in this case:

a.  The amount involved during the term of the conspiracy involved at least 450 kilograms of a mixture or substance containing a detectable amount of cocaine. This amount was involved in the conspiracy after the defendant entered the conspiracy, was reasonably foreseeable to the defendant and was part of jointly undertaken activity resulting in a base offense level pursuant to U.S.S.G. § 2D1.1 of 38.

b.  An **increase of two levels** under U.S.S.G. § 2D1.1(b)(3)(B) applies since a semi-submersible was used during commission of the charged offense.

c.  **A reduction of three levels** for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office and the other provisions of this plea agreement. **If circumstances indicating that the defendant has not accepted responsibility become known after execution of this agreement, this stipulation is void and the defendant may object to the failure of the presentence report to recommend the reduction. The government's request to decrease the offense level by <u>one</u> level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the defendant demonstrating acceptance of responsibility for the offense conduct and cooperating fully in recovering restitution for all relevant conduct.**

The parties understand that the Court is not bound by these stipulations.

Furthermore, the parties specifically agree that other specific offense characteristics or guideline adjustments may increase or decrease the appropriate sentencing range. Nothing in this agreement will preclude argument by either party regarding any other specific offense characteristic or guideline adjustment. Last, the parties agree to recommend to the Court the low end of the guidelines as the appropriate sentence.

6.  ACCEPTANCE OF RESPONSIBILITY: The defendant understands that by accepting responsibility and giving truthful and complete information concerning

the defendant's participation in the offense of conviction the defendant may be entitled to a reduction in the offense level under § 3E1.1 of the Sentencing Guidelines. The defendant shall not violate any other state or federal law or take any action that would obstruct the government's investigation into the offense of conviction or other criminal activities. Uponrequest, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the United States Probation Office regarding defendant'sability to satisfy any fines or restitution to be imposed.

7.    **RESTITUTION**: The defendant understands that restitution may be ordered bythe Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the Factual Basis. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

8.    **FORFEITURE**: The defendant agrees to forfeit to the United States voluntarilyand immediately all of the defendant's right, title, and interest to the following property which is subject to forfeiture pursuant to 21 U.S.C. § 970, incorporating the provisions of 21 U.S.C. §§ 853(a)(1) and (2):

**Cash Proceeds**

$100,000 in United States currency and all interest and proceeds traceable thereto. The defendant acknowledges that such sum in aggregate is property constituting or derived

from proceeds obtained directly or indirectly as the result of the offenses described in this plea agreement.

**Substitute Assets**

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
> (b) has been transferred or sold to, or deposited with, a third party;
> (c) has been placed beyond the jurisdiction of the court;
> (d) has been substantially diminished in value; or
> (e) has been commingled with other property which cannot be divided without difficulty.

a.     Property constituting and derived from any proceeds the defendant CHRISTIAN LEONARDO FRANCO POSLIGUA obtained, directly or indirectly, by the defendant, as the result of such violation; and

b.     Property used and intended to be used in any manner by the defendant, CHRISTIAN LEONARDO FRANCO POSLIGUA, or in part to commit or to facilitate the commission of such violation.

The defendant agrees that the property described above is subject to forfeiture to the government pursuant to the aforementioned statute because the property constitutes proceeds traceable, directly or indirectly, to the illegal activity described in the Indictment was used or intended for use to facilitate the offense described in the Indictment. The defendant agrees to fully assist the government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer the

defendant's interest in any of the above property to the United States, and take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The defendant agrees not to file a claim to the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above described property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any claim or defense under the Eighth Amendment to the Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture. The defendant waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant and defendant's attorney also understand that the government may file motions for preliminary and final orders of forfeiture regarding the property described herein. The defendant and defendant's attorney agree that the government may file these motions unopposed and may state in the certificates of conference for these motions that the defendant has no objection to the relief sought without having to further contact the

Plea Agreement
Page 7

defendant or defendant's attorney.

9. **GOVERNMENT'S AGREEMENT:** The United States Attorney for the EasternDistrict of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea ofguilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

10. **VIOLATION OF AGREEMENT:** The defendant understands that upon violationof any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

11. **VOLUNTARY PLEA:** This plea of guilty is freely and voluntarily made and isnot the result of force, threats, or promises other than those set forth in this agreement.

12. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory

Plea Agreement
Page 8

maximum. The defendantalso reserves the right to appeal or seek collateral review of a claim of ineffective assistanceof counsel.

13. **WAIVER OF RIGHT TO RECORDS:** The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom ofInformation Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

14. **REPRESENTATION OF COUNSEL:** The defendant has thoroughly reviewed alllegal and factual aspects of this case with defense counsel and is fully satisfied with defensecounsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

15. **LIMITATIONS ON THIS AGREEMENT:** This agreement is only binding on theUnited States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

16. **IMMIGRATION STATUS CONSEQUENCES:** Defendant recognizes that pleadingguilty to a crime may affect the immigration status of people who are not citizens of the United States. Under federal law, a broad range of crimes are removable offenses

Plea Agreement
Page 9

includingthe offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to 46 U.S.C. § 70503(a)(1) and 46 U.S.C. § 70506 (b), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and thedefendant understands that no one, including the defendant's attorney or the district court, can predict with certainty the effect this conviction will have on the defendant's immigration status. The defendant wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is automatic removal from the United States.

17. **ENTIRETY OF AGREEMENT**: This Plea Agreement consists of this document and the sealed addendum required by Local Rule CR-49. References in this document to "agreement" or "Plea Agreement" refer to both this document and the sealed addendum.

The defendant, the defendant's attorney, and the government acknowledge that this agreement is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

Dated: 12/17/2021

WES WYNNE
Assistant United States Attorney

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: 12/16/21

X Christian Franco
CHRISTIAN LEONARDO FRANCO POSLIGUA
Defendant

I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 12/16/21

GARLAND CARDWELL
Attorney for Defendant