**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:21cr132(3) |
| | § | (Judge Kernodle) |
| CHRISTIAN LEONARDO FRANCO-POSLIGUA | § | |

## DEFENDANT'S SENTENCING MEMORANDUM
## AND MOTION FOR NON-GUIDELINE SENTENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DEFENDANT, CHRISTIAN LEONARDO FRANCO-POSLIGUA, by

and through counsel and submits the following memorandum and request for a variance/non-

guideline sentence to the Court for consideration. As grounds therefore, the Defendant states as

follows:

### I.

### RELEVANT LAW

The primary directive in 18 U.S.C. § 3553(a) is for Courts to impose a sentence *sufficient,*

*but not greater than necessary,* to comply with the purposes of sentencing. Section 3553(a) states

that such purposes are:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, Courts are directed to consider the following factors:

(1)      the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)      The kinds of sentences available;

(3)      the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(4)      the need to provide restitution to any victims of the offense.

As a starting point, after *United States v. Booker*, District Courts must consider the factors outlined in 18 U.S.C. § 3553(a) to impose a sentence that is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in § 3553(a)(2). *See, e.g., Gall v. United States*, 552 U.S. 38, 49–50 (2007); *United States v. Booker*, 543 U.S. 220, 245 (2005). Further, the Supreme Court has made clear that District Courts have a tremendous amount of discretion when it comes to determining the sentence to be imposed in a federal criminal case. *See, e.g., Kimbrough v. United States*, 552 U.S. 85 (2007); *Gall*, 552 U.S. at 38; *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Pursuant to this line of Supreme Court authority, while District Courts must consider, as a starting point, the applicable guidelines range, they are perfectly free to then agree or disagree with that range, as they see fit. In short, the applicable guidelines range is merely one of the myriad of factors that District Courts can consider when determining an appropriate sentence. As such, the advisory guidelines range does not carry any greater weight or significance than any of the other factors to be considered.

The advisory sentencing guidelines as calculated in the Presentence Report (PSR) have Defendant facing an imprisonment sentence of 235 to 293 months, with the PSR showing that he only has one prior felony conviction. There were no legal or factual objections to be filed to the

initial PSR filed herein on March 7, 2022, so the final PSR filed herein on April 19, 2022, contained the same advisory sentencing guideline range. For the reasons set forth in detail below, consideration of the 18 U.S.C. § 3553(a) factors as applied to the unique facts and circumstances of Defendant's life and this case demonstrates that a sentence not to exceed the statutory minimum of 120 months (10 years), followed by a 5-year term of supervised release, is fair and reasonable for Defendant herein.

Post-*Booker*, there is "[n]o limitation . . . on the information concerning the background, character, and conduct of a [defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Therefore, I urge this Honorable Court to consider the information contained in the Presentence Report, as well as this Sentencing Memorandum and Motion for Non-Guideline Sentence, and impose a sentence at the statutory minimum of 10 years.

The Court has the authority to sentence Defendant to a term less than one within the advisory guideline range pursuant to a departure under U.S.S.G. §§5K2.0 and 4A1.3 and/or a variance under 18 U.S.C. § 3553(a). Specifically, I pray this Court sentence Defendant to a term not to exceed 120 months imprisonment based upon the reasons presented herein.

II.

**HISTORY AND CHARACTERISTICS OF DEFENDANT**

Christian Leonardo Franco-Posligua is a 32-year-old man convicted of Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance Aboard a Vessel Subject to the Jurisdiction of the United States. The seriousness of the offense is appropriately reflected in the guideline calculations. The defendant is not trying to negate the seriousness of the offense.

However, there are aspects of his life and family and of this case that take his case out of the heartland and warrant consideration for a downward departure and/or variance.

Mr. Franco was born and raised by his parents in Ecuador, is a citizen of Ecuador, and has spent his entire life there. He appears to have had a very difficult childhood because his family was quite large and very poor. They struggled to provide him and his family with basic living necessities.

Because of these family struggles, he began working as a fisherman with his father at six years of age, and thus did not complete his education in Ecuador past the sixth grade. He did not obtain a high school diploma or a GED, and has no other vocational skills beyond being a fisherman in Ecuador his entire life. Surprisingly, he does not appear to have any mental or emotional illnesses or problems, and does not report any history of substance abuse or addition.

Although not formally married, he has been in a long-term relationship with Rosa Zamora-Delgado, who has three (3) children that Defendant has helped raise and he considers them his stepchildren. Ms. Delgado is disabled and unable to work due to chronic conditions with her hands, which recently required surgery. All of this has put a substantial financial burden on Defendant and his family since he was the sole source of income for the family.

It should also be noted that Mr. Franco has no prior adjudications or adult convictions other than one similar prior federal felony conviction in New York on October 2, 2017, for which he received <u>429 days confinement with time served</u> (Emphasis Added), and was then deported back to Ecuador. This one prior conviction resulted in him receiving three (3) criminal history points placing him in Criminal History Category II, and keeping him from receiving a 2-level reduction to his total offense level for "safety valve" under the Sentencing Guidelines.

At sentencing, Defendant will show to the Court that his only reason for getting involved in this type of offense again was due to his dire financial circumstances trying to support his wife and family and obtain medical treatment for his wife's severe medical conditions.

## III.

## NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Franco was involved in this drug offense and he accepts full responsibility for his involvement in the offense as charged and as generally described in the Presentence Report. He does not deny these facts and he does not negate the seriousness of this crime or his involvement in it. He is guilty of the offense and has pleaded accordingly.

However, there are mitigating factors in his case that warrant consideration. The Presentence Report identifies Mr. Franco's family circumstances, his wife's severe medical conditions and problems, as well as his dire financial circumstances.

Mr. Franco does not blame his involvement in this offense on his childhood or his upbringing. He does not present any of his history as an excuse for his criminal behavior. He understands he is an adult and has made some terrible decisions under very difficult circumstances.

## IV.

## DEPARTURES UNDER U.S.S.G. §§5K2.0 AND 4A1.3:
## OUTSIDE-THE-HEARTLAND HISTORY AND CHARACTERISTIC
## AND OVERREPRESENTATION OF CRIMINAL HISTORY

Pursuant to U.S.S.C. §5K2.0(a)(1)(A), the sentencing Court may downwardly depart from the applicable guideline range if the Court finds, pursuant to 18 U.S.C. § 3553(b)(1) that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different

from that described. These departures may be based upon circumstances of a kind not adequately taken into consideration or unidentified circumstances that are relevant in determining the appropriate sentence. These departures may be based upon circumstances present to a degree not adequately taken into consideration. And finally, these departures may be based upon offender characteristics and other circumstances that are not ordinarily relevant. Further, pursuant to U.S.S.G. §5K2.0(c), the Court may depart from the applicable guideline range based on a combination of two of more offender characteristics or other circumstances, none of which independently is sufficient to provide a basis for departure, if such offender characteristics or other circumstances, taken together, make the case an exceptional one, and each such offender characteristic is present to a substantial degree and identified in the guidelines as a permissible grounds for departure.

A departure may be warranted under USSG §4A1.3 because Defendant's criminal history is overrepresented. It is undisputed that Mr. Franco is 32 years old and has only three (3) criminal history points. However, it is important to look at his criminal history with a specific, critical lens. He only has one (1) prior felony conviction for which he was sentenced to time served (429 days confinement) and thereafter deported. He has no other arrests, charges or convictions. Based upon all of these factors, Mr. Franco believes a Criminal History Category of II overstates his criminal history and requests the Court consider him in a Criminal History Category of I which is more consistent with his actual behavior and more closely represents the seriousness of his criminal history.

V.

**VARIANCE UNDER 18 U.S.C. § 3553(a): NATURE AND
CIRCUMSTANCES OF THE OFFENSE, CHARACTERISTICS OF
THE DEFENDANT, AND POST OFFENSE REHABILITATION**

The Court must fashion a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). Defendant was not a leader or organizer of a criminal conspiracy and does not deserve a sentence of 285 to 293 months to achieve the 18 U.S.C. § 3553(a) goals.

A downward variance in this case is warranted. The sentence imposed must reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Mr. Franco knows his offense is serious and he understands the Court must impose a significant sentence. A sentence not to exceed 120 months is sufficient, but not greater than necessary to show Defendant the seriousness of the offense, promote respect for the law, and impose just punishment. It is also greater than necessary to deter future criminal conduct and protect the public.

### Seriousness of the Offense, Respect for the Law, and Just Punishment

Mr. Franco has engaged in significant activities that reflect his awareness of the seriousness of the offense and his respect for the law. Specifically, he pled guilty and has fully accepted responsibility for his involvement in his offense herein. He was cooperative at the time of arrest herein, and has agreed to provide assistance to authorities in the prosecution of others involved if requested to do so. This demonstrates Defendant's knowledge of the seriousness of the offense and his respect for the law. He feels immense remorse, sadness, and dismay about his involvement. He pleaded guilty and has never denied his involvement or his culpability in the offense.

He is a 32-year-old man who has never been incarcerated longer than about 14 months before, which was on one occasion only. He and his family members in Ecuador know and understand he is facing a sentence of imprisonment. A sentence of 10 years is a reasonable sentence that, in light of his personal history and criminal history, will reflect the seriousness of the offense, show respect for the law, and be a just punishment.

## Deterrence to Criminal Conduct

The sentence imposed must also afford adequate deterrence to criminal conduct. Defendant acknowledges that his sentence must be sufficient to afford adequate deterrence. He will be approximately 42 years old at the conclusion of a 10-year sentence. This, along with a potential 5-year term of supervised release, if not deported, is adequate deterrence to criminal conduct.

## Educational/Vocational Training, Medical Care, and Correctional Treatment

The sentence imposed should provide needed educational/vocational training, medical care, or other correctional treatment in the most effective manner. Although Defendant will likely be deported after serving his sentence, all of this can be addressed during a 10-year term of imprisonment and a 5-year term of supervised release if not deported. If deported, since he is not a U.S. Citizen, he will likely not ever to be able to provide any contribution to the United States or the costs associated with his care and incarceration.

## Protection of the Public

The sentence imposed should protect the public from future crimes. A 10-year term of imprisonment will protect the public from future crimes, if any, for an extended period of time, and a 5-year term of supervised release and/or deportation will continue to provide such protection for years to come.

Based upon all of the above, a below-guideline sentence not to exceed 120 months is believed to appropriately reflect the seriousness of the offense, promote respect for the law, and provide just punishment; afford adequate deterrence; and protect the public from the Defendant. In sum, when all of the circumstances of Defendant's case are evaluated under the requirements of

18 U.S.C. § 3553(a), a non-guideline sentence not to exceed 10 years imprisonment is reasonable and sufficient – but not greater than necessary – to achieve the goals of sentencing.

## VI.

## CONCLUSION

Based upon the foregoing U.S.S.G. §§ 5K2.0 and 4A1.3 and 18 U.S.C. § 3553(a) factor analysis, Mr. Franco prays that this Court will impose a sentence not to exceed 120 months imprisonment.

There are both circumstances of the offense as well as Defendant's history and characteristics that justify a departure and/or variance from the advisory guideline range. He does not seek to minimize the severity of his actions, but rather to demonstrate to the Court that the proposed sentence is, in fact, the sentence that is best suited to address the admittedly substantial harm caused by his actions. A sentence not to exceed 120 months is sufficient to reflect the seriousness of the offense, to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes.

In sum, Defendant prays this Court determine these requested departures and variances are warranted by the most fundamental notions of justice and fashion a sentence which is fundamentally fair under all of the circumstances of this case. Here, a guideline term of 235 to 293 months is not warranted, and the defendant requests the Court impose a sentence not to exceed 120 months imprisonment.

Respectfully submitted,

**MUNSON, MUNSON, CARDWELL**
**TILLETT & BROWN**
Post Office Box 1949
123 South Travis Street
Sherman, Texas 75091-1949
Telephone: (903) 893 - 8161
Facsimile: (903) 893 - 1345
gcardwell@munsonlaw.com


By: ___/s/ Garland D. Cardwell_____
    **Garland D. Cardwell**
    State Bar Number 03790600


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was

served by electronic transmittal by CM/ECF to opposing counsel, and to all co-counsel, on this

__3rd__ day of June, 2022.


      _____/s/ Garland D. Cardwell_____
      **Garland D. Cardwell**