## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**UNITED STATES OF AMERICA**

**v.**

**JAIRO GONZALEZ OROBIO**

§
§
§
§
§
§
§
§

**CASE NUMBER 4:21CR00132**

---

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR NON-GUIDELINE SENTENCE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DEFENDANT, JAIRO GONZALEZ OROBIO, by and through counsel and submits the following memorandum and request for a variance/non-guideline sentence to the Court for consideration. As grounds therefore, the Defendant states as follows:

## I.

## RELEVANT LAW

The primary directive in 18 U.S.C. § 3553(a) is for Courts to impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes of sentencing. Section 3553(a) states that such purposes are:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, Courts are directed to consider the following factors:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     The kinds of sentences available;

(3)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(4)     the need to provide restitution to any victims of the offense.

As a starting point, after *United States v. Booker*, District Courts must consider the factors outlined in 18 U.S.C. § 3553(a) to impose a sentence that is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in § 3553(a)(2). *See, e.g., Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Booker*, 543 U.S. 220, 245 (2005). Further, the Supreme Court has made clear that District Courts have a tremendous amount of discretion when it comes to determining the sentence to be imposed in a federal criminal case. *See, e.g., Kimbrough v. United States*, 552 U.S. 85 (2007); *Gall*, 552 U.S. at 38; *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Pursuant to this line of Supreme Court authority, while District Courts must consider, as a starting point, the applicable guidelines range, they are perfectly free to then agree or disagree with that range, as they see fit. In short, the applicable guidelines range is merely one of the myriads of factors that District Courts can consider when determining an appropriate sentence. As such, the advisory guidelines range does not carry any greater weight or significance than any of the other factors to be considered.

The advisory sentencing guidelines as calculated in the Presentence Report (PSR) have Defendant facing an imprisonment sentence of 87 to 108 months, with the PSR showing that he has no prior felony convictions. There was one objection filed to the initial PSR filed herein on

June 15, 2022, regarding Safety Valve. Since that date, Defendant has qualified for Safety Valve. (See Addendum to PSR dated June 27, 2022). For the reasons set forth in detail below, consideration of the 18 U.S.C. § 3553(a) factors as applied to the unique facts and circumstances of Defendant's life and this case demonstrates that a sentence should be below the sentencing guideline of 87-107 month, which is recommended by probation. A sentence below guideline is fair and reasonable for Defendant.

Post-*Booker*, there is "[n]o limitation ... on the information concerning the background, character, and conduct of a [defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Therefore, I urge this Honorable Court to consider the information contained in the Presentence Report, as well as this Sentencing Memorandum and Motion for Non-Guideline Sentence and impose a sentence below the sentencing guidelines.

The Court has the authority to sentence Defendant to a term less than one within the advisory guideline range pursuant to a departure under U.S.S.G. §§5K2.0 and 4A1.3 and/or a variance under 18 U.S.C. § 3553(a). Specifically, I pray this Court sentence Defendant to a term not to exceed 60 months imprisonment based upon the reasons presented herein.

## II.

## HISTORY AND CHARACTERISTICS OF DEFENDANT

Jairo Gonzalez Orobio is a 51-year-old man, citizen of Colombia, convicted of Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance Aboard a Vessel Subject to the Jurisdiction of the United States. The seriousness of the offense is appropriately reflected in the guideline calculations. The defendant is not trying to negate the seriousness of the offense.

However, there are aspects of his life and family and of this case that take his case out of the heartland and warrant consideration for a downward departure and/or variance.

Mr. Gonzalez Orobio was born and raised in Colombia. When he was seven years old his father was assassinated. His mother then sent him to be raised by his grandmother, both of which could not afford to raise him. He then went to live with his grandfather until he was 17 years old. He was often raised by other relatives, which made him feel as though he were a beggar.

As an adult he lived with his wife, who stays at home to care for their 5 children. Prior to becoming a fisherman, he farmed bananas and cocoa. His income was that of $300 per month. At one point, the Guerrilla (organized crime) took over his farm to cultivate cocaine. Defendant was told to leave or die. He left and became a fisherman.

While working as a fisherman, he was solicitated by a local businessman. Defendant was offered money to join other co-defendants on a voyage. Defendant was unaware that drugs were being shipped and initially, thought they were transporting illegal fuel. Once he arrived at the boat docks before departing, he saw approximately 20 men with guns. He subsequently learned that the cargo was drugs. Although he had the urge to leave, he knew his family would be endangered if he attempted to back out.

Mr. Gonzalez Orobio admits that he unlawfully, freely, and voluntarily joined this conspiracy to further its illegitimate gains.

At sentencing, Defendant will show to the Court that his only reason for getting involved in this type of offense was because was due to his low wages as a fisherman made it difficult to support his wife and family.

Defendant served in the Columbian Army for three years.

### III.

### NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Gonzalez Orobio was involved in this drug offense and he accepts full responsibility for his involvement in the offense as charged and as generally described in the Presentence Report. He does not deny these facts and he does not negate the seriousness of this crime or his involvement in it. He is guilty of the offense and has pleaded accordingly.

However, there are mitigating factors in his case that warrant consideration. The Presentence Report identifies Mr. Gonzalez Orobio's family circumstances, as well as his dire financial circumstances.

Mr. Gonzalez Orobio does not blame his involvement in this offense on his childhood or his upbringing. He does not present any of his history as an excuse for his criminal behavior. He understands he is an adult and has made some terrible decisions under very difficult circumstances.

### IV.

### DEPARTURES UNDER U.S.S.G. §§5K2.0 AND 4A1.3: OUTSIDE-THE-HEARTLAND HISTORY AND CHARACTERISTIC AND OVERREPRESENTATION OF CRIMINAL HISTORY

Pursuant to U.S.S.C. §5K2.0(a)(l)(A), the sentencing Court may downwardly depart from the applicable guideline range if the Court finds, pursuant to 18 U.S.C. § 3553(b)(1) that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described. These departures may be based upon circumstances of a kind not adequately taken into consideration or unidentified circumstances that are relevant in determining the appropriate sentence. These departures may be based upon circumstances present to a degree not

adequately taken into consideration. And finally, these departures may be based upon offender characteristics and other circumstances that are not ordinarily relevant. Further, pursuant to U.S.S.G. §5K2.0(c), the Court may depart from the applicable guideline range based on a combination of two of more offender characteristics or other circumstances, none of which independently is sufficient to provide a basis for departure, if such offender characteristics or other circumstances, taken together, make the case an exceptional one, and each such offender characteristic is present to a substantial degree and identified in the guidelines as a permissible grounds for departure.

A departure may be warranted under USSG §5K2.20 because Defendant only committed a single criminal occurrence or single criminal occurrence that was committed without significant planning on his part and was of limited participation. Based on the above, Defendant requests this Court to consider USSG §5K2.20 as a justification for reduction in sentence.

## V.
## VARIANCE UNDER 18 U.S.C. § 3553(a): NATURE AND CIRCUMSTANCES OF THE OFFENSE, CHARACTERISTICS OF THE DEFENDANT, AND POST OFFENSE REHABILITATION

The Court must fashion a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). Defendant was not a leader or organizer of a criminal conspiracy and does not deserve a sentence of 87 to 108 months to achieve the 18 U.S.C. § 3553(a) goals.

A downward variance in this case is warranted. The sentence imposed must reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Mr. Gonzalez Orobio knows his offense is serious and he understands the Court must impose a significant sentence. A sentence not to exceed 60 months is sufficient, but not greater than necessary to show

Defendant the seriousness of the offense, promote respect for the law, and impose just punishment. It is also greater than necessary to deter future criminal conduct and protect the public.

### Seriousness of the Offense, Respect for the Law, and Just Punishment

Mr. Gonzalez Orobio has engaged in significant activities that reflect his awareness of the seriousness of the offense and his respect for the law. Specifically, he pled guilty and has fully accepted responsibility for his involvement in his offense herein. He was cooperative at the time of arrest and has agreed to provide assistance to authorities in the prosecution of others involved if requested to do so. This demonstrates Defendant's knowledge of the seriousness of the offense and his respect for the law. He feels immense remorse, sadness, and dismay about his involvement. He pleaded guilty and has never denied his involvement or his culpability in the offense.

### Deterrence to Criminal Conduct

The sentence imposed must also afford adequate deterrence to criminal conduct. Defendant acknowledges that his sentence must be sufficient to afford adequate deterrence. He will be approximately 56 years old at the conclusion of a 60-month sentence. This, along with a potential 5-year term of supervised release, if not deported, is adequate deterrence to criminal conduct.

### Educational/Vocational Training, Medical Care, and Correctional Treatment

The sentence imposed should provide needed educational/vocational training, medical care, or other correctional treatment in the most effective manner. Although Defendant will likely be deported after serving his sentence, all of this can be addressed during a 60-month term of imprisonment and a 5-year term of supervised release if not deported. If deported, since he is not

a U.S. Citizen, he will likely not ever to be able to provide any contribution to the United States or the costs associated with his care and incarceration.

**Protection of the Public**

The sentence imposed should protect the public from future crimes. A 60imonth term of imprisonment will protect the public from future crimes, if any, for an extended period of time, and a 5-year term of supervised release and/or deportation will continue to provide such protection for years to come.

Based upon the above, a below-guideline sentence not to exceed 60-months is believed to appropriately reflect the seriousness of the offense, promote respect for the law, and provide just punishment; afford adequate deterrence; and protect the public from the Defendant. In sum, when the circumstances of Defendant's case are evaluated under the requirements of 18 U.S.C. § 3553(a), a non-guideline sentence not to exceed 60-months of imprisonment is reasonable and sufficient — but not greater than necessary — to achieve the goals of sentencing.

**VI.**

**CONCLUSION**

Based upon the foregoing U.S.S.G. §§ 5K2.20 and 4A1.3 and 18 U.S.C. § 3553(a) factor analysis, Mr. Gonzalez Orobio prays that this Court will impose a sentence not to exceed 60 months of imprisonment.

There are both circumstances of the offense as well as Defendant's history and characteristics that justify a departure and/or variance from the advisory guideline range. He does not seek to minimize the severity of his actions, but rather to demonstrate to the Court that the proposed sentence is, in fact, the sentence that is best suited to address the admittedly substantial

harm caused by his actions. A sentence not to exceed 60-months is sufficient to reflect the seriousness of the offense, to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes.

In sum, Defendant prays this Court determine these requested departures and variances are warranted by the most fundamental notions of justice and fashion a sentence which is fundamentally fair under all the circumstances of this case. Here, a guideline term of 87 to 108 months is not warranted, and the defendant requests the Court impose a sentence not to exceed 60-months of imprisonment.

RESPECTFULLY SUBMITTED,

/S/ MARK A. PEREZ

**MARK A. PEREZ**
**BARRETT | BRIGHT | LASSITER | LINDER | PEREZ**
STATE BAR NO. 15777750
3300 OAK LAWN AVE. SUITE 700
DALLAS, TEXAS 75219
PHONE: (214) 752-0505
FAX: (214) 845-7006

**ATTORNEY FOR DEFENDANT**
**JAIRO GONZALEZ OROBIO**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above foregoing motion was served upon all counsel of record by electronic filing on the 7[h] day of July 2022.

/s/ Mark A. Perez
**MARK A. PEREZ**